23CA2179 JL v Regis University 12-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2179
City and County of Denver District Court No. 22CV33164
Honorable Mark T. Bailey, Judge

---

J.L.,

Plaintiff-Appellant,

v.

Regis University, a non-profit Colorado corporation,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

---

Lawrence S. Mertes, P.C., Lawrence S. Mertes, Longmont, Colorado, for
Plaintiff-Appellant

SGR, LLC, Courtney B. Kramer, Jonathan N. Eddy, Denver, Colorado, for
Defendant-Appellee

¶ 1     Plaintiff, J.L., appeals the district court's order granting summary judgment on his negligence claim in favor of defendant, Regis University.  We affirm.

## I.     Procedural Background

¶ 2     This case arises from an investigation Regis conducted against J.L. after three students alleged that he had sexual contact with them without their consent.  Based on an independent investigator's determination that the circumstances demonstrated "a pattern of inappropriate touching . . . and a propensity to engage in such behavior," Regis concluded that J.L. violated its Nondiscrimination and Sexual Misconduct Policy (Policy) and Standards of Conduct.  Regis suspended J.L. for three years and banned him from university property and university-sponsored activities or events.  J.L. pursued an internal appeal, and Regis affirmed its decision.

¶ 3     J.L. filed a complaint in federal court asserting a due process claim under the Fifth Amendment and a state law negligence claim related to Regis's investigation and findings.  The federal court granted summary judgment for Regis on the due process claim and dismissed the negligence claim for lack of jurisdiction.  J.L. then

filed the underlying negligence claim in Denver District Court. Relying on a decision by a division of this court in *Doe v. University of Denver*, 2022 COA 57, *aff'd in part and rev'd in part*, 2024 CO 27, he asserted that Regis breached its duty of care to him in several regards. Specifically, he asserted Regis failed to exercise due regard for the truth, apply its procedures impartially, protect his right to fair process, conduct a neutral investigation, place the burden of proof on itself, or exercise reasonable care when composing and implementing a conduct process.

¶ 4 Regis filed a motion to dismiss pursuant to C.R.C.P. 12(b)(5). It argued that J.L.'s negligence claim was time barred because it was filed beyond the two-year statute of limitations prescribed by section 13-80-108(1), C.R.S. 2024. It further argued that J.L. failed to state a plausible claim for relief because Regis had adopted and fairly implemented its Policy in accordance with federal guidelines.[1] The district court converted Regis's motion into a motion for

---

[1] While Regis's motion to dismiss recognized the decision in *Doe v. University of Denver*, 2022 COA 57, it noted that the University of Denver had petitioned the Colorado Supreme Court for certiorari review and expressly made no concessions regarding whether Colorado universities owe their students a duty of care in connection with Title IX investigations.

summary judgment and, following additional briefing, dismissed J.L.'s negligence claim as time barred.

¶ 5    J.L. appeals. He argues that his complaint was timely under the applicable statute of limitations because his negligence claim did not accrue until Regis's internal appeal process was completed.

## II. Standard of Review

¶ 6    Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Thomas v. Childhelp, Inc.*, 2024 COA 16, ¶ 13. The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. *Id.* We review a district court's grant of summary judgment de novo. *Id.*

## III. Discussion

¶ 7    While J.L.'s appeal was pending, our supreme court issued *University of Denver v. Doe*, 2024 CO 27 (*Doe*), holding that a defendant university "does not owe its students a tort-based duty to use reasonable care in adopting and implementing fair procedures related to the investigation and adjudication of sexual-misconduct claims." *Id.* at ¶ 95. The supreme court concluded that the

3

University of Denver's Office of Equal Opportunity (OEO) Procedures required a "thorough, impartial and fair" investigation and that "when considered in conjunction with the specific investigation requirements listed in those procedures," that promise was "sufficiently definite and certain to be enforceable under contract law." *Id.* at ¶ 4. In light of DU's contractual duty to its students, the supreme court concluded that the remedy for any alleged violation of those procedures "must lie in contract, not in tort." *Id.* at ¶ 95.

¶ 8    We conclude that J.L.'s negligence claim fails, as a matter of law, under *Doe*, regardless of whether it was barred by the applicable statute of limitations. It is undisputed that, like DU's OEO Procedures, Regis's Policy requires that if Regis determines a sexual misconduct report warrants an investigation, "the University will initiate a prompt, equitable, thorough and impartial investigation to stop the conduct, prevent future similar incidents, provide a fair and reliable determination about whether University policy has been violated, and implement a remedy designed to end the conduct, prevent its recurrence and address its effects." In fact, J.L.'s complaint acknowledges that the Policy requires such an

4

investigation to be "thorough, reliable, and impartial" and that it includes specific provisions for how an investigation will proceed.[2] Moreover, in his reply brief, J.L. concedes that *Doe* disallows "tort claims in circumstances like those presented by J[.]L[.] here."

¶ 9    Applying *Doe*, we conclude that Regis "does not owe its students an extra-contractual duty to exercise reasonable care in adopting and implementing fair procedures related to the investigation and adjudication of sexual-misconduct claims." *Id.* at ¶ 5. J.L. did not bring a breach of contract claim, and even accepting the allegations in his complaint as true, he cannot support his negligence claim as a matter of law. *See Doe*, ¶ 88 ("A negligence claim will fail if it is rooted in 'circumstances for which the law imposes no duty of care upon the defendant.'") (citation omitted). We therefore conclude the district court properly granted summary judgment in Regis's favor, albeit for different reasons than

---

[2] For example, the Policy provides that Regis will send notice of an investigation to the complainant and respondent; directs an assigned investigator to interview the complainant, respondent, and other relevant witnesses; allows each party to review and finalize their statement for accuracy; and directs the investigator to prepare an investigation report, including initial factual findings based on a preponderance of the evidence.

those it relied upon. *See Tolle v. Steeland, LLC*, 2023 COA 84, ¶ 20 (we may affirm the district court's ruling on any ground supported by the record, whether or not the court considered that ground).

¶ 10 Despite his concession regarding the controlling import of *Doe*, J.L. nevertheless urges us to resolve the question of whether his claim was timely filed because, he argues, it may impact his ability to amend his complaint. But we have already determined that the district court did not err by granting summary judgment. Because resolution of the statute of limitations issue would have no effect on the court's judgment in Regis's favor, we decline to address it. *See Bd. of Cnty. Comm'rs v. Cnty. Rd. Users Ass'n*, 11 P.3d 432, 439 (Colo. 2000) (we do not express advisory opinions).

## IV. Disposition

¶ 11 The judgment is affirmed.

JUDGE TOW and JUDGE SCHUTZ concur.